# CASES

IN THE

# SUPREME JUDICIAL COURT,

. IN THE

## COUNTY OF PENOBSCOT, JUNE TERM, 1841.

## Margaret C. Logan *versus* Allen Monroe.

If the legal cause for taking a deposition no longer exists at the time of trial, the proof to exclude it is to come from the adverse party.

When the jury *may find* from the evidence, however improbable it may be that they will do so, the state of facts to be such as is contended for; the Court cannot restrain counsel, when arguing upon such a possible result. But in such case, it will be proper for the Court to call the attention of the jury to the amount of evidence upon which such arguments are built.

But where facts have been stated by a witness, which could be legal evidence only by proof of having been brought to the knowledge of the adverse party, and there has been an entire failure of proof on the latter point, the commentaries of counsel thereon as evidence in the case would be improper.

Assumpsit for breach of a promise of marriage.

The plaintiff offered the deposition of Comfort Chase. The defendnat objected to the admission of the following question and answer thereto: "From what you saw of the acts of the defendant in the fall of 1834 and winter of 1835, and the acts and conduct of the plaintiff, have you any doubt that the defendant was engaged to marry Margaret C. Logan?" Answer: "I have not."

The defendant objected to the reading of the deposition of C. R. Logan, on the ground, "that said deponent was now at school in Charleston, which is within thirty miles of the place of trial, which objection was overruled, and the deposition was

read ; — no proof being offered of that fact, and the certificate of the justice showing the reverse." Notice was given to the defendant to produce, at the trial, letters from the plaintiff to him ; but none were produced. It was shown that letters were written by the plaintiff to the defendant, and part of the contents of one, proved to have been received, was stated by a witness. Other letters were written, and part of the contents stated, but there was no evidence that they had been received by the defendant.

At the trial, before EMERY J. the counsel for the plaintiff argued to the jury upon the contents of these letters, and upon their non-production, as affording evidence, that the defence set up by the defendant, that if any contract ever subsisted, it was dissolved by the plaintiff, and that she dismissed him, would be disproved. To this the counsel for the defendant objected. The Judge ruled, that he could not say there was no evidence submitted to the jury, that the letters were received ; that the letters proved to have been received were not the letters proved to have been written by the plaintiff, and seen by a witness ; and permitted the counsel to proceed. The Judge instructed the jury, that if they believed the letters received by the defendant were written by the plaintiff to him, in pursuance of the advice of Betsey Wingate, "that if the plaintiff had done wrong, and been a little too hasty in dismissing the defendant, she had better write Mr. Munroe," they would consider how far a reconciliation had subsequently taken place ; and if, from the whole testimony, the jury should be satisfied that it was mutually understood between the parties that the defendant was not dismissed, they would find their verdict for the plaintiff; and that the plaintiff, if she satisfied them that a contract, express or implied, of the character alleged, had been proved, the burthen of proof was upon the defendant to satisfy them that he had been dismissed.

The verdict was for the plaintiff, and the defendant filed exceptions.

*Rogers*, for the defendant.

*J. Appleton* and *M. L. Appleton*, for the plaintiff.

The opinion of the Court was by

SHEPLEY J. — The objection to a part of the deposition of Comfort Chase is not insisted upon, inasmuch as it did not relate to the point of the cause, on which it must have been decided. If the legal cause for taking the deposition of Charles R. Logan no longer existed, the Statute, c. 85, § 5, requires the proof to exclude it to come from the adverse party.

Notice was given to the defendant to produce letters received from the plaintiff, and none were produced. Evidence was introduced to prove, that two or three letters were written by the plaintiff, and that one or more of them was received by the defendant; and a witness stated part of the contents of the one which he delivered. Other letters were afterward written by the plaintiff, and sent to the defendant, and a witness stated part of the contents of them, but it did not appear that they were received. Whether they were received, was necessarily a fact before the jury, taking into consideration all the circumstances. If they believed, that these letters were in fact received, the contents, so far as proved, were a proper subject for commentary in argument, and for consideration by the jury; otherwise, not. When the jury may find from the evidence, however improbable it may be that they will do so, the state of facts to be such as is contended for, the Court cannot restrain counsel, while arguing upon such a possible result. It may be proper for the Court, and it will be in the power of the opposing counsel, to call the attention of the jury to the amount of evidence upon which such arguments are built, that they may not be misled by them.

If the evidence had shown, that the letters were not received, the commentaries of counsel would have been improper.

*Exceptions overruled.*